# IN THE COURT OF APPEALS OF IOWA

No. 15-0351
Filed December 23, 2015

**STERLING COMMERCIAL ROOFING, INC. and ZURICH NORTH AMERICA,**
    Plaintiffs-Appellants,

**vs.**

**JOSEPH BERZLE,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Dustria A. Relph, Judge.

The employer appeals from the district court's ruling on judicial review affirming the workers' compensation commissioner's findings of permanent impairment. **AFFIRMED.**

Sasha L. Monthei of Scheldrup Blades, Cedar Rapids, for appellants.

Matthew J. Petrzelka of Petrzelka & Breitbach, P.L.C., Cedar Rapids, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Employer Sterling Commercial Roofing and its insurer Zurich North America (employer) appeal from the district court's ruling on judicial review upholding the workers' compensation commissioner's findings that Joseph Berzle sustained a work-related injury to his left shoulder, which resulted in his permanent total disability.

The employer appeals, contending there is not substantial evidence supporting the finding that Berzle proved a permanent left shoulder injury arising from work activities. We review the fact-findings of the agency for the existence of substantial supporting evidence. *See* Iowa Code § 17A.19(10)(f) (2015). This standard does not allow us to "engage in a scrutinizing analysis." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012).

The commissioner adopted the findings of the deputy conducting the arbitration hearing.

> Dr. Neiman found claimant's current left shoulder condition was caused by both his July 20, 2012, traumatic work injury in lifting the heavy boards, as well as a repetitive motion overuse of the left shoulder while compensating for his previous right shoulder injury. Dr. Neiman conducted a detailed examination. His opinion that claimant's current left shoulder condition is causally related to his work and the work injury is more in keeping with the rest of the evidence, including claimant's credible testimony, whereas the conclusions of Dr. Gorsche and Dr. Garrels are inconsistent with the rest of the evidence. Greater weight will be given to the conclusions of Dr. Neiman. It is concluded claimant's current left shoulder condition is causally related to his work, and has resulted in permanent disability.

These findings are supported by the record evidence. *See id.* at 527 ("[F]actual findings are not insubstantial merely because evidence supports a different conclusion or because we may have reached a different conclusion.").

The employer next argues that even if substantial evidence supports the finding of a permanent work-related injury, the conclusion that Berzle is permanently and totally disabled is illogical, irrational, or wholly unjustifiable. "Industrial disability is determined by an evaluation of the employee's earning capacity." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 852 (Iowa 2011). The issue raises a mixed question of law and fact. *Neal*, 814 N.W.2d at 525. The commissioner's industrial disability determination involves the application of law to fact, which we will not overturn unless it is "irrational, illogical, or wholly unjustifiable." *Id.* at 526; *accord Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 856–57 (Iowa 2009).

The commissioner noted Berzle is fifty-six years old and has worked most of his adult life as a roofer. He dropped out of high school due to poor grades and "has no special skills other than his roofing experience." Berzle has "severe" work restrictions, including "a prohibition against lifting more than two pounds, which basically prohibits [Berzle] from working at most physical labor jobs." The commissioner concluded Berzle's injury "has resulted in a drastic, complete loss of earnings."

> Claimant has shown that, due to his injury, he is no longer able to return to any job he has done in the past, and specifically cannot return to roofing work, which he has done for 32 years. He cannot do any physical work involving lifting over two pounds. His limited education and lack of skills, combined with his severe work restrictions and his age of 56, which would work against him when competing with other, non-disabled workers for jobs, compels the conclusion there are no jobs claimant could reasonably be expected to perform.
>     It is concluded claimant, as a result of his work injury of July 20, 2012, is permanently and totally disabled.

The conclusion that Berzle had a complete loss of earning capacity is not irrational, illogical or wholly unjustifiable.  *See Neal*, 814 N.W.2d at 527 ("[I]n considering findings of industrial disability, we recognize that the commissioner is routinely called upon to make such assessments and has a special expertise in the area that is entitled to respect by a reviewing court.").  We affirm.

**AFFIRMED.**